UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: GRAND JURY SUBPOENAS

Case No. 3:26MJ 512 (SDV)

May 4, 2026

MAY 4 2026 PM 12:28
FILED - USDC - BPT - CT

## APPLICATION FOR NON-DISCLOSURE ORDER

The United States respectfully submits this application, pursuant to 18 U.S.C. § 2705(b), for an order providing that each provider identified below ("Provider") may not notify any person (including the subscribers or customers of the account(s) listed in the subpoena) of the existence of the grand jury subpoena(s) identified below **until May 4, 2027, absent further order from the Court:**

| Provider | Subpoena |
|---|---|
| Chime Financial, Inc. | N-25-1-23 / Subpoena #102 |
| Block, Inc. (CashApp) | N-25-1-23 / Subpoena #103 |

Each Provider identified above is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the Subpoena, which will be made available for the Court's inspection but will not be filed under seal or included in the sealing envelope. Each Subpoena requires each Provider to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such orders would be appropriate because each Subpoena relates to an ongoing criminal investigation that is neither public nor known to all the targets of the criminal investigation being conducted by the Federal Bureau of Investigation. Disclosure may alert those targets to the ongoing investigation.

Accordingly, there is reason to believe that notification of the existence of each Subpoena will result in flight from prosecution, destruction of or tampering with evidence, and otherwise seriously jeopardize an investigation. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of each Subpoena, the subjects under investigation could destroy that evidence, including information on their devices, cellular telephones, and online accounts.

Section 2705(b) provides that when the government is not required to notify the subscriber or customer that it is serving process on the provider, then the Court may order the provider not to give notice, provided one of the five risks set forth in § 2705(b) is present. For the reasons listed above, the government has shown that there is reason to believe that notice by the provider would cause one of the enumerated harms. The government is proceeding here using subpoenas under 18 U.S.C. § 2703(c)(2). Section 2703(c)(3) provides that when the government proceeds under § 2703(c) (*i.e.,* when it is only seeking records of the provider, and not any content of the subscriber or customer), the government is not required to provide notice to the subscriber or customer. Thus, the government has satisfied the conditions of § 2705(b).

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing the Provider not to disclose the existence or content of these Subpoenas until **May 4, 2027**, except that the Provider may disclose its Subpoena to an attorney for the Provider for the purpose of receiving legal advice.

Respectfully submitted,

DAVID X. SULLIVAN
UNITED STATES ATTORNEY


_/s/_____
KAREN L. PECK
ASSISTANT U.S. ATTORNEY
Federal Bar No. CT14959
U.S. Attorney's Office
1000 Lafayette Blvd., 10th Fl.
Bridgeport, CT 06604
(203) 696-3000/ (203) 579-5575 (Fax)
Karen.Peck@usdoj.gov

2